United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 16, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60426
_____


WEST IMPLEMENT COMPANY INC,
A Corporation,

                    Plaintiff-Counter Defendant-
                    Appellant,

                     v.

DEERE & COMPANY; ET AL,

                    Defendants,

DEERE & COMPANY,

                    Defendant-Counter Claimant-Appellee,

- - - - - - - -

DEERE & COMPANY,

                    Plaintiff-Counter Defendant-Appellee,

                     v.

REX MORGAN; ET AL,

                    Defendants,

WEST IMPLEMENT COMPANY INC,
A Corporation,

                    Defendant-Counter Claimant-Appellant.


Appeal from the United States District Court
for the Northern District of Mississippi
2:04-CV-136

Before DeMOSS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant West Implement Company argues that the district court erred in granting summary judgment in favor of Appellee Deere & Company with respect to its breach of fiduciary duty claim. Assuming *arguendo* that a fiduciary relationship existed between the parties, because West has not raised a genuine issue of material fact regarding whether Deere's conduct violated any of their agreements, no breach was demonstrated. *See Carter Equipment Company v. John Deere,* 681 F.2d 386, 392 n.14 (5th Cir. 1982) ("activity in conformance with the terms of the contract cannot amount to misconduct that constitutes a breach of a fiduciary duty") (citation omitted). The district court properly granted summary judgment as to the breach of fiduciary duty claim.

West next argues that the district court erred in allowing Deere to present its case in chief first. We find that West has failed to show that the court abused its broad discretion in controlling the order of proof. *See Huddleston v. United States,* 485 U.S. 681, 690 (1988).

Finally, West argues that the district court erred in awarding attorney's fees to Deere because although the jury could have awarded punitive damages, it declined to do so. Contrary to West's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

argument otherwise, the Mississippi Supreme Court has made clear that so long as an award of punitive damages would be proper, "such an actual awarding of punitive damages is not a prerequisite for the awarding of attorney fees."  *Aqua-Culture Technologies, Ltd. v. Holly,* 677 So.2d 171, 185 (Miss. 1996).  The district court's award of attorney's fees is affirmed.

AFFIRMED.