# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2024

Lyle W. Cayce
Clerk

————————

No. 22-60579

————————

American Compensation Insurance Company,

*Plaintiff—Appellant*,

*versus*

Hector Ruiz, *doing business as* Los Primoz Construction;
Raul Aparacio; Jesco, Incorporated; Appalachian
Underwriters, Incorporated,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:18-CV-213

———————————————————————

Before Stewart, Dennis, and Wilson, *Circuit Judges*.

Per Curiam:[*]

This workers' compensation case arises from injuries suffered by Raul Aparacio during the course and scope of his work for Hector Ruiz d/b/a Los Primoz Construction. At the time of the accident, Ruiz had a workers' compensation policy with American Compensation Insurance Company (ACIC) governed by Mississippi law. Despite providing benefits to Aparacio

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under the policy, ACIC initiated this lawsuit to declare the policy void *ab initio* after its losses on Ruiz's claim for Aparacio reached $2.7 million. ACIC also sought damages from Appalachian Underwriters (Appalachian), an insurance wholesale outlet, based on Appalachian's failure to alert ACIC of the results of a phone survey indicating that ACIC had relied on a material misrepresentation in Ruiz's application for the insurance policy. The district court dismissed all ACIC's claims on summary judgment. ACIC timely appealed. For the following reasons, we AFFIRM.

## I. Factual Background

In January 2017, Ruiz entered into a subcontractor agreement with JESCO, Inc. (JESCO) to provide temporary labor for a construction project in Starkville, Mississippi. As part of the subcontractor agreement, Ruiz was required to cover his employees under a workers' compensation insurance policy. In 2018, Ruiz enlisted the Van Wallace Agency—with whom he had previously worked—to help him procure a workers' compensation policy for his work on the JESCO project. Jonathan Wallace, who prepared Ruiz's insurance application, relied on Ruiz's past applications with the agency to complete Ruiz's application. In response to a question asking whether Ruiz's workers performed work above two stories in height, Jonathan Wallace responded "no." Wallace testified that he did not ask Ruiz whether he worked at heights and did not review this insurance application question with Ruiz. Ruiz confirmed that Wallace never reviewed the 2018 insurance application with him but testified that he had told Wallace that his company "[a]lways" performed work above the ground.

Wallace submitted the 2018 application to Appalachian, an insurance wholesale outlet for whom Van Wallace acted as an agent under a written agreement. Appalachian, in turn, acted as an intermediary between retail agents and ACIC pursuant to a Marketing Services and Agency Access

Agreement (MSAAA). Under the MSAAA, Appalachian served as an "independent contractor" for ACIC, and its authority was limited to the provision of "marketing responsibilities and duties." Under a provision of the MSAAA titled "Quality of Services," ACIC and Appalachian agreed to "serve each other faithfully" and "perform all acts necessary for the proper conduct of the business on behalf of both parties."

Ruiz's 2018 insurance application contained a 5521 code, which is applicable to construction and concrete work that does not anticipate work at heights. During the process of binding the insurance policy, however, questions arose as to whether Ruiz performed work at heights due to his prior workers' compensation policies. Before submitting Ruiz's 2018 application to ACIC, for example, an Appalachian underwriter solicited written confirmation from Wallace that the 5521 code indicating that Ruiz did not perform work at heights was correct. Maureen Carter, an underwriter for ACIC, also expressed skepticism about the inclusion of the 5521 code in Ruiz's 2018 application after noting that four of Ruiz's prior policies—available to ACIC through the National Council on Compensation Insurance database—contained a 5022 code, which contemplated work at heights. At ACIC's request, Appalachian asked Wallace for confirmation that Ruiz did not perform work at heights. Wallace prepared a document stating the Ruiz did not perform work at heights and signed Ruiz's signature on the document; Ruiz disputes that Wallace was authorized to use his signature. After Wallace submitted the statement, Ruiz told Wallace that he did in fact perform work at heights, but Wallace never corrected the information he had provided to Appalachian.

ACIC ultimately issued Ruiz a workers' compensation policy governed by Mississippi law. ACIC's 2018 policy for Ruiz included both the 5521 (no work at heights) and 5022 (work at heights) codes in the policy, though Ruiz was not charged a premium under the 5022 code since it was

marked "[if] any" under the policy. Carter included the 5022 code in the insurance policy, based on the discrepancy between the information in the 2018 application and Ruiz's prior policies, so that ACIC could later re-classify the policy and premiums if Ruiz was at any point found to work at heights. Under the policy, ACIC had the right to go inspect Ruiz's workplace to confirm the "insurability of the workplace[s] and the premium to be charged," though ACIC did not perform any such inspection.

After the policy issued, Risk Control Group (RSG), a loss control survey company hired by Appalachian to perform phone verification surveys for its clients, contacted Ruiz to perform a survey at Appalachian's request. During the phone survey, Ruiz disclosed to an RSG representative that his company performs work at heights of twenty to thirty feet above the ground. On or about May 10, 2020, RSG uploaded the results of the survey to a system shared with Appalachian. Appalachian did not share the results of the survey with ACIC, though the survey was available to ACIC upon request. Appalachian's underwriting expert testified that under "generally accepted industry standards," underwriters typically reviewed the results of phone surveys "within 30 to 45 days" after receiving them. A representative of Appalachian further testified that generally it did not automatically forward surveys results to insurance carriers, but rather referred to them if questions arose from carriers.

On June 25, 2018, Aparacio fell and was injured while working at least fifteen feet above ground on the JESCO construction project. ACIC provided workers' compensation benefits to Aparacio pursuant to the policy and Mississippi law because, as ACIC's corporate representative testified, "[r]egardless of that code being there, any injury that happened would have been covered. It had nothing to do with the class code." After learning that Aparacio was injured while working above ground, ACIC adjusted the class codes and raised the premiums on Ruiz's policy to account for work at

heights. ACIC's corporate representative testified that ACIC decided to seek to void Ruiz's 2018 policy because it wanted to avoid further losses incurred in providing benefits to Aparacio under the policy.

## II. Procedural History

ACIC initiated this lawsuit seeking a declaratory judgment against Aparacio, Ruiz, and JESCO that Ruiz's 2018 workers' compensation insurance policy is void *ab initio* and that ACIC owed no duties under the policy. After some initial discovery, ACIC added RSG, Jonathan Wallace, and the Van Wallace Agency as defendants.[1] ACIC further amended its complaint to seek damages against Appalachian based on Appalachian's alleged breach of the MSAAA, breach of its fiduciary duties, and negligence. After completing discovery, the parties filed cross-motions for summary judgment. The district court granted Appalachian, Ruiz, and JESCO's motions for summary judgment, denied ACIC's motion for summary judgment as moot, and entered final judgment in favor of Appalachian, Ruiz, and JESCO. ACIC timely appealed.

## III. Standard of Review

We review a district court's grant of summary judgment de novo, applying the same standard on appeal as the district court. *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## IV. Discussion

---

[1] RSG was dismissed from this lawsuit by agreement of the parties, and ACIC later reached a settlement agreement with Jonathan Wallace and the Van Wallace Agency.

The district court granted the summary judgment motions of Ruiz, JESCO, and Appalachian, finding that ACIC could not void Ruiz's 2018 workers' compensation policy under Mississippi law and that ACIC failed to demonstrate that Appalachian breached any portion of the MSAAA, owed ACIC any fiduciary duty, or proximately caused ACIC's alleged injuries. The district court further denied ACIC's motion for summary judgment on its declaratory judgment claims as moot in light of its conclusion that ACIC could not void the policy as a matter of law. On appeal, ACIC asks this court to reverse the district court, render judgment in favor of ACIC on its requests for declaratory judgment, and remand ACIC's damages claims against Appalachian for trial.

## A. ACIC's Declaratory Judgment Claim

Through this lawsuit, ACIC sought an order declaring: (1) Ruiz's 2018 workers' compensation policy void *ab initio* such that ACIC has "no obligation to pay or continue paying workers' compensation benefits to Aparacio;" and (2) that ACIC "has no obligation to defend, indemnify or otherwise perform on behalf of Ruiz or any other party claiming to be an insured or otherwise entitled to benefits or coverage under the policy." In entering summary judgment in favor of JESCO and Ruiz on ACIC's requests for declaratory judgment, the district court determined that Mississippi law does not allow insurers to void or rescind workers' compensation policies after an accident has occurred. Because the Mississippi Supreme Court had never addressed the specific question of whether insurers may rescind or void a workers' compensation policy under the Mississippi Workers' Compensation Act, the district court relied on its "best *Erie*–guess" of how that court would resolve the issue. On appeal, in lieu of making our own *Erie*-guess, we certified the following question to the Mississippi Supreme Court: Does "the Mississippi Workers' Compensation Act (MWCA) allow an insurer to void *ab initio* a workers' compensation policy based on a material

misrepresentation?" *Am. Comp. Ins. Co. v. Ruiz*, No. 22-60579, 2023 WL 6644505 (5th Cir. Oct. 12, 2023).

In its answering opinion, the Mississippi Supreme Court agreed with the district court and found that allowing an insurer to void *ab initio* a workers' compensation policy "goes against the very purpose of the MCWA." *Am. Comp. Ins. Co. v. Ruiz*, 389 So. 3d 1060, 1066 (Miss. 2024). The Mississippi Supreme Court held "that the MWCA does *not* allow insurers to void *ab initio* a workers' compensation policy based on an employer's material misrepresentation." *Id.* at 1062 (emphasis in original). This resolves the question we certified to the Mississippi Supreme Court. Because the district court's entry of summary judgment in favor of Ruiz and JESCO on ACIC's declaratory judgment claims is consistent with the Mississippi Supreme Court's answer to our certified question, we conclude the district court did not err and affirm its judgment on this issue.

## B. ACIC's Damages Claims against Appalachian

Distinctly, ACIC also appeals the district court's entry of summary judgment in favor of Appalachian on ACIC's breach of contract, negligence, and breach of fiduciary duties claims. As ACIC's damages claims against Appalachian are unrelated to the question we certified to the Mississippi Supreme Court, we now address ACIC's remaining claims against Appalachian.

ACIC's claims for breach of contract, negligence, and breach of fiduciary duties are all based on Appalachian's alleged failure to review and provide to ACIC the results of the phone survey indicating Ruiz's company worked at heights. The district court entered summary judgment in Appalachian's favor on the breach of contract claim based on ACIC's failure to identify any provision of the MSAAA requiring Appalachian to share the phone survey results as part of its duties under that agreement. The parties

do not dispute that the MSAAA does not expressly require Appalachian to conduct phone surveys or share their results with ACIC, foreclosing ACIC's breach of contract claim. ACIC's negligence claim similarly fails because it is unable to establish that Appalachian either owed a duty or breached a duty regarding the phone verification surveys. With respect to the fiduciary duty claim, given that ACIC cannot demonstrate any breach of the MSAAA, we agree with the district court that ACIC also cannot establish Appalachian breached any fiduciary duties arising from the agreement. *Carter Equip. Co. v. John Deere Indus. Equip. Co.*, 681 F.2d 386, 392 n.14 (5th Cir. 1982) ("[A]ctivity in conformance with the terms of the contract cannot amount to misconduct that constitutes a breach of a fiduciary duty."); *see also W. Implement Co. v. Deere & Co.*, 185 F. App'x 363, 364 (5th Cir. 2006). We conclude that the district court committed no error of law or fact in dismissing ACIC's damages claims against Appalachian.

## IV. Conclusion

For these reasons, the judgment of the district court is AFFIRMED.